Edwards v. Melendez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> > *Circuit Judge*,
> KATHERINE POLK FAILLA,
> > *District Judge.*\*

_____

M.A. Edwards,

> *Plaintiff-Appellant*,

> v.                                                                 19-753

Melendez, C.O., Individual and Official Capacity, Dzrenda, Individual and Official Capacity,

> *Defendants-Appellees*,

Leo C. Arnone, Commissioner, Individual and Official Capacity, Boland, Grievance Coordinator, Individual and Official Capacity,

_____

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants*.

| FOR PLAINTIFF-APPELLANT: | M.A. Edwards, pro se, Uncasville, CT. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | Steven R. Strom, Assistant Attorney General (Marc Bernatchez, *on the brief*), *for* William Tong, Connecticut Attorney General, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant M.A. Edwards, pro se and incarcerated, appeals the district court's judgment in favor of the defendants, Connecticut Department of Corrections ("DOC") officials C.O. Melendez and Commissioner Dzurenda.  Edwards sued the defendants in 2013, alleging that they confiscated and destroyed several of his photos and magazines pursuant to a 2012 policy banning images depicting nudity or sexual activity (Directive 10.7), even though his items did not fall within that policy.  He further alleged that the defendants applied the policy in a discriminatory manner, and that Melendez confiscated his items in retaliation for Edwards's making complaints about him.  He also challenged the constitutionality of the policy.  He sought damages and injunctive relief.  The district court sua sponte dismissed several of his claims, but allowed a First Amendment challenge to Directive 10.7, a First Amendment retaliation claim, and a Fourteenth Amendment equal protection claim to move forward.  The defendants later moved for summary judgment.  The district court granted the motion, finding that the retaliation and equal protection

2

claims were unexhausted and that the defendants were entitled to qualified immunity on the First Amendment challenge to the policy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

As an initial matter, we reject Edwards's assertion that the defendants' summary judgment motion was untimely. The district court sua sponte extended the deadline for such a motion, and the defendants complied with the extended deadline**.** Edwards does not argue that he was prejudiced by the delay or otherwise explain why the defendants' motion should not have been accepted by the court.

The Prison Litigation Reform Act ("PLRA") provides that incarcerated plaintiffs must exhaust administrative remedies before filing a claim under § 1983 "or any other Federal law[.]" 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The PLRA requires "proper exhaustion," meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, a prisoner need not exhaust his claims if administrative remedies are not available to him. *Ross*, 136 S. Ct. at 1858–59; *see also Williams v. Correction Officer Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016).

As the district court correctly noted, the present record does not clearly show whether

3

Edwards properly exhausted his First Amendment claims. In arguing that Edwards failed to exhaust those claims, the defendants failed to address Edwards's timely complaints and grievances filed in May and June 2013 (within 30 days of the incident) in which he complained about Melendez's destruction of the photos and magazines. It was the defendants' burden to show that administrative remedies were available to Edwards but he failed to utilize them, *see Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015), but they did not explain why his complaints and grievances failed to satisfy the exhaustion requirement, or even address those timely grievances in their summary judgment motion. Further, Edwards has repeatedly asserted (including in his sworn amended complaint)[1] that the defendants refused to process his timely grievances despite following the grievance procedure—a contention that the defendants did not address—indicating that administrative remedies were not available to him. *See Williams*, 829 F.3d at 123 (stating that administrative remedies are unavailable where the defendants are "consistently unwilling to provide any relief" (internal quotation marks omitted)). The district court thus correctly held that the defendants were not entitled to summary judgment on the First Amendment claims due to lack of exhaustion.

However, we decline to consider the merits of Edwards's challenge to Directive 10.7 because we find that he has failed to raise any arguments in support of it on appeal and has thus abandoned it. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se litigant "waived any challenge" to the district court's adverse ruling because brief

---

[1] Because Edwards swore under penalty of perjury that the allegations in his complaint were true, his complaint must be treated as an affidavit for summary judgment purposes, at least to the extent that it raised allegations based on his personal knowledge. *See Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002).

4

mentioned ruling only "obliquely and in passing."); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").   Although he appears to briefly argue that the district court's qualified immunity determination was incorrect because qualified immunity applies only to claims for damages, he fails to make any argument on appeal that the Directive itself violates the First Amendment.   Instead, Edwards focuses his arguments on his assertion that his photos and magazines were not pornographic and therefore not barred by the Directive—arguments that do not challenge the constitutionality of the Directive itself.   We therefore affirm the judgment as to that claim.

As to Edwards's retaliation and equal protection claims, we affirm the district court's grant of summary judgment on account of his failure to exhaust.   At no point below did Edwards provide any evidence (such as copies of request forms and grievances) showing that he had exhausted such claims—all of the forms he provided showed complaints about the destruction of his photos and magazines and about Directive 10.7, but none of them asserted that Melendez acted in a retaliatory manner or that DOC was applying the Directive in a discriminatory manner. Although a plaintiff need not specifically articulate his claims in grievances in the exact same manner that he articulates them in federal court, he is required to give notice to the defendants about the factual basis of his claims.   *See Espinal v. Goord*, 558 F.3d 119, 127–28 (2d Cir. 2009); *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004).   Finally, although Edwards has provided copies of grievances to this Court for the first time on appeal in his reply papers that raise his equal protection claims, he failed to submit those forms to district court despite being warned about the evidentiary requirements of summary judgment.   *See Harrison v. Republic of Sudan*, 838 F.3d 86,

5

96 (2d Cir. 2016), *rev'd on other grounds*, 139 S. Ct. 1048 (2018) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and alteration omitted)); *JP Morgan Chase Bank v. Altos Hornos de Mex, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (courts generally do not consider arguments raised for the first time in reply briefs).

We have considered all of the parties' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6